IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CARLOS L. DIAZ, *Pro Se*, in his Personal Capacity and
in and for the Estate of Edmundo B. Diaz as
Brother and Personal Representative for the Estate,

    Plaintiff,

vs.                                                      Civ. No. 14-1086 KG/SCY

UNITED STATES ATTORNEY GENERAL OFFICE
ATTORNEY GENERAL: Mr. ERIC H. HOLDER Jr.,
et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon a Motion to Dismiss and Memorandum of Law in Support Thereof (Motion to Dismiss) filed by Defendants James Lawrence Sanchez, Allen Smith, and Charles Sanchez on February 24, 2015. (Doc. 24). *Pro se* Plaintiff responded on March 9, 2015. (Doc. 27). Defendants James Sanchez, Allen Smith, and Charles Sanchez did not file a reply. Having reviewed the Motion to Dismiss and the response, the Court grants the Motion to Dismiss.

*A. Plaintiff's First Amended Complaint (Doc. 14)* [1]

Plaintiff brings this lawsuit under 42 U.S.C. § 1983 and state law. Plaintiff alleges that his late brother's partner, Nancy Barela, filed suit against Plaintiff in state district court to require Plaintiff to undergo a paternity test and to collect back child support, if warranted. The case was initially assigned to Defendant Violet Otero, a state district court judge. (Doc. 14) at 21. Plaintiff contends that on February 2, 2012, Defendant Otero recused herself from the lawsuit

---

[1] This summary of the First Amended Complaint contains only allegations pertinent to Defendants James Sanchez, Allen Smith, and Charles Sanchez.

and unlawfully assigned the case to Defendant Charles Sanchez, a hearing officer, to conduct a pretrial hearing. *Id.* After holding the hearing on April 17, 2012, Plaintiff alleges that Defendant Charles Sanchez unlawfully recommended to the state district court judge that Plaintiff undergo a paternity test. *Id.* at 22. Plaintiff specifically asserts that Defendant Charles Sanchez violated his due process rights, engaged in fraud upon the courts, conspired to violate Plaintiff's constitutional rights, violated Plaintiff's Fourth Amendment rights, and lacked jurisdiction to hold the hearing. *Id.* at 22-23.

Plaintiff then claims that the lawsuit was re-assigned to Defendant James Sanchez, another state district court judge, on May 29, 2012. *Id.* at 23. Plaintiff alleges that Defendant James Sanchez denied Plaintiff's motions while summarily granting motions filed by Defendant Elias Barelas, opposing counsel in the paternity lawsuit. *Id.* at 24. Defendant James Sanchez apparently held several hearings while he presided over the case. *Id.* at 24-26. Plaintiff contends that Defendant James Sanchez violated his due process rights, conspired to violate Plaintiff's constitutional rights, lacked jurisdiction, violated Plaintiff's right to a trial, violated the Fourteenth Amendment, threatened Plaintiff with contempt of court, and discriminated against Plaintiff. *Id.* at 24-26.

Plaintiff also alleges that in July 2014 the paternity case was re-assigned to Defendant Allen Smith, a state district court judge, who apparently held a hearing at that time. *Id.* at 28. According to Plaintiff, Defendant Allen Smith summarily denied Plaintiff's motions to dismiss, held another hearing on December 9, 2014, and subsequently ordered Plaintiff to pay child support without any evidence to support that order. *Id.* at 28-29. Plaintiff complains about the unlawfulness of Defendant Allen Smith's hearings. *Id.* Plaintiff alleges that Defendant Allen Smith discriminated against him, violated his due process rights, committed fraud on the courts,

conspired to commit fraud and violate Plaintiff's constitutional rights, lacked jurisdiction, violated Plaintiff's constitutional rights, and violated Plaintiff's right to a trial. *Id.* at 28-30.

As an aside, Plaintiff alleges that Defendant James Sanchez presided over a real estate fraud case involving Plaintiff. *Id.* at 25. Plaintiff contends that Defendant James Sanchez ordered the parties to enter into a real estate contract in violation of Plaintiff's due process rights and that Defendant James Sanchez committed fraud while presiding over the case. *Id.*

Finally, Plaintiff brings state intentional infliction of emotional distress claims against all of the Defendants. *Id.* at 34-35.

Plaintiff seeks compensatory damages as well as injunctive relief, including invalidation of the court orders entered against him. *Id.* at 35-36.

B. *Federal Rule of Civil Procedure 12(b)(6) Standard of Review*

Defendants James Sanchez, Allen Smith, and Charles Sanchez now move to dismiss Plaintiff's claims against them under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." Specifically, Defendants James Sanchez, Allen Smith, and Charles Sanchez argue that they are entitled to absolute judicial immunity. In reviewing a Rule 12(b)(6) motion to dismiss, courts must accept all well-pleaded allegations as true and must view them in the light most favorable to the plaintiff. *See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984). Dismissal of a complaint under Rule 12(b)(6) is proper only where it is obvious that the plaintiff failed to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Courts must draw on their "judicial experience and common sense" to assess a claim's plausibility. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citations omitted).

Although the Court may dismiss a *pro se* party's complaint under Rule 12(b)(6), the pleadings filed by a *pro se* party should be construed liberally. *See Hall v. Witteman*, 584 F.3d 859, 863 (10th Cir. 2009). While a *pro se* litigant's pleadings are held to less stringent standards, *pro se* litigants must nevertheless comply with the Federal Rules of Civil Procedure. *See Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994), *cert. denied*, 514 U.S. 1048 (1995). The Court is not obliged to craft legal theories for the *pro se* plaintiff or to supply factual allegations to support a *pro se* plaintiff's claim to relief. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

C. Discussion

In evaluating Section 1983 claims against judges, "[t]he Supreme Court of the United States has long held that judges are generally immune from suits for money damages." *Stein v. Disciplinary Bd. of Supreme Ct. of N.M.,* 520 F.3d 1183, 1195 (10th Cir. 2008). "There are only two exceptions to this rule: (1) when the act is not taken in the judge's judicial capacity, and (2) when the act, though judicial in nature, is taken in the complete absence of all jurisdiction." *Id.* (brackets and internal quotation marks omitted). A judge is entitled to absolute immunity "for his judicial acts even if his exercise of authority is flawed by the commission of 'grave procedural errors.'" *Moss v. Kopp*, 559 F.3d 1155, 1163-64 (10th Cir. 2009) (quoting *Stump v. Sparkman,* 435 U.S. 349, 359 (1978)). "[A] judge does not act in the clear absence of all jurisdiction even if the action he took was in error, was done maliciously, or was in excess of his authority." *Id.* (citing *Whitesel v. Sengenberger,* 222 F.3d 861, 867 (10th Cir. 2000)). The United States Supreme Court has explained that "the scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge," and "the necessary inquiry in determining whether a defendant judge is immune from suit is whether at the time he took the

4

challenged action he had jurisdiction over the subject matter before him." *Stump,* 435 U.S. at 356.  Finally, a Section 1983 plaintiff cannot obtain injunctive relief against a judicial officer "unless a declaratory decree was violated or declaratory relief was unavailable." *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) (quoting Section 1983).

Under New Mexico law, like federal law, a judge is not entitled to absolute judicial immunity if the judge acts "wholly in excess" of his jurisdiction.  *Edwards v. Wiley*, 1962-NMSC-116, ¶ 6, 70 N.M. 400.  A judge does not exceed his jurisdiction if he only erroneously exercises judicial powers.  *Edwards*, 1962-NMSC-116 at ¶ 6.  In New Mexico, absolute judicial immunity applies to actions for both money damages and injunctive relief.  *Id.* (cites case referring to money damages); *Hunnicutt v. Sewell*, 2009-NMCA-121, 147 N.M. 272 (finding absolute judicial immunity applies to defendant from whom plaintiff sought injunctive relief).

Federal law also recognizes that administrative hearing officers acting in a quasi-judicial manner have absolute judicial immunity.  *See Guttman v. Khalsa*, 446 F.3d 1027, 1033 (10th Cir. 2006).  The Tenth Circuit explains that quasi-judicial absolute immunity applies

> where (1) the defendant's duties and the procedures employed are functionally comparable to those of a court of law; (2) maintenance of the impartiality and effectiveness of the adjudicatory process in question requires eliminating any threat of personal liability; (3) the defendant's actions are more likely than other governmental actions to result in disappointed parties' institution of lawsuits; and (4) procedural safeguards exist and are adequate to correct or prevent erroneous or intentional constitutional violations.

*Saavedra v. City of Albuquerque*, 73 F.3d 1525, 1530 (10th Cir. 1996) (citing *Horwitz v. Bd. of Med. Examiners,* 822 F.2d 1508, 1513 (10th Cir.), *cert. denied,* 484 U.S. 964 (1987)).  In New Mexico, the courts afford absolute judicial immunity to a quasi-judicial hearing officer if the alleged actions by the hearing officer were judicial functions or "integral to the judicial process." *Hunnicutt*, 2009-NMCA-121, at ¶¶ 9, 13.

*1. The State District Court Judges:  Defendants James Sanchez and Allen Smith*

Defendants James Sanchez and Allen Smith cannot claim absolute judicial immunity if they did not act in their judicial capacities, or if they acted in the complete absence or wholly in excess of their jurisdiction.  In this case, Plaintiff alleges sufficient facts to show that Defendants James Sanchez and Allen Smith acted in their judicial capacities as state district court judges by holding hearings and making rulings in a pending paternity lawsuit.  *See* NMSA 1978, § 40-11A-601 (2013 Cum. Supp.) (paternity "proceeding is governed by the Rules of Civil Procedure for the District Courts.").  The New Mexico Uniform Parentage Act also specifically permits state district court judges to order genetic testing and to order the payment of child support.  NMSA 1978, § 40-11A-502(A) (2013 Cum. Supp.); NMSA 1978, § 40-11A-636 (2013 Cum. Supp.).  Moreover, the allegations in the First Amended Complaint indicate that Defendant James Sanchez acted in a judicial capacity when he presided over a real estate fraud case involving Plaintiff.

Furthermore, Defendants James Sanchez and Allen Smith did not act in the complete absence or wholly in excess of their jurisdiction when adjudicating the paternity lawsuit.  The New Mexico Uniform Parentage Act explicitly gives the district court "jurisdiction to adjudicate parentage pursuant" to that Act.  NMSA 1978, § 40-11A-104 (2013 Cum. Supp.).  *See also* NMSA 1978, § 40-11A-601 ("A civil proceeding may be maintained in the district court to adjudicate the parentage of a child.").  With respect to the real estate case, Defendant James Sanchez had general jurisdiction to hear that case.  *See Ottino v. Ottino,* 2001-NMCA-012, ¶ 6, 130 N.M. 168 (citation omitted) (New Mexico courts are courts of general jurisdiction and "[a]s such, they enjoy the 'presumption of jurisdiction, in the absence of proof to the contrary.'").  *See also McClendon v. Dean,* 1941-NMSC-047, ¶ 5, 45 N.M. 496 ("district courts of this state are

courts of general jurisdiction, and have jurisdiction to try and adjudicate the title to personal and real property."). Finally, because Plaintiff does not allege that "a declaratory decree was violated or declaratory relief was unavailable," Plaintiff does not state a plausible claim against Defendants James Sanchez and Allen Smith for injunctive relief under § 1983.

Viewing the allegations in the First Amended Complaint as true and in the light most favorable to Plaintiff, the Court concludes that Defendants James Sanchez and Allen Smith are entitled to absolute judicial immunity for the § 1983 and state claims seeking both money damages and injunctive relief. The Court will, therefore, dismiss the § 1983 and state law claims against Defendants James Sanchez and Allen Smith for failure to state a claim upon which relief can be granted.

    *2. State Hearing Officer:  Defendant Charles Sanchez*

The Court notes that Defendant Violet Otero's alleged assignment of the paternity proceeding to Defendant Charles Sanchez for a pretrial hearing complies with the New Mexico Uniform Parentage Act. *See* NMSA 1978, § 40-11A-625 (2013 Cum. Supp.) ("As soon as practicable after an action to declare the existence or nonexistence of a father-child relationship has been brought, and unless judgment by default has been entered, an informal hearing shall be held. The court may order that the hearing be held before a master."). Defendant Charles Sanchez's recommendation to the state district court judge that a paternity test be conducted also complies with the New Mexico Uniform Parentage Act. *See* NMSA 1978, § 40-11A-626 (2013 Cum. Supp.) ("On the basis of the information produced at the pretrial hearing, the judge, hearing officer or master conducting the hearing shall evaluate the probability of determining the existence or nonexistence of a father-child relationship at a trial."). Conducting informal hearings and evaluating cases based on those hearings are classic judicial functions. In fact, the

New Mexico Uniform Parentage Act permits a state district court judge to perform the same functions. NMSA 1978, §§ 40-11A-625 and 40-11A-626.

Furthermore, the "maintenance of the impartiality and effectiveness" of pretrial paternity proceedings necessarily "requires eliminating any threat of personal liability" to the hearing officer. As reflected by this lawsuit, a hearing officer's actions in a paternity proceeding are "more likely than other governmental actions to result in disappointed parties' institution of lawsuits." Moreover, because Defendant Charles Sanchez only made a recommendation to the state district judge, the Court concludes that "procedural safeguards exist and are adequate to correct or prevent erroneous or intentional constitutional violations." Conducting a pretrial proceeding and making a recommendation to the district judge are also clearly integral to the judicial process of the paternity lawsuit. Additionally, Defendant Charles Sanchez had jurisdiction under the New Mexico Uniform Parentage Act to conduct the pretrial hearing and to make a recommendation to the state district court judge. Finally, as noted above, Plaintiff does not allege that "a declaratory decree was violated or declaratory relief was unavailable."

Under these circumstances and viewing the allegations in the First Amended Complaint as true and in the light most favorable to Plaintiff, the Court determines that Defendant Charles Sanchez acted as a quasi-judicial hearing officer entitled to absolute judicial immunity for the § 1983 and state claims seeking both money damages and injunctive relief. Consequently, the Court will dismiss the § 1983 and state claims against Defendant Charles for failure to state a claim upon which relief can be granted.

IT IS ORDERED that

1. the Motion to Dismiss and Memorandum of Law in Support Thereof (Doc. 24) is granted; and

2. all of Plaintiff's claims against Defendants James Sanchez, Allen Smith, and Charles Sanchez will be dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE