IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CARLOS L. DIAZ, *Pro Se*, in his Personal Capacity and
in and for the Estate of Edmundo B. Diaz as
Brother and Personal Representative for the Estate,

      Plaintiff,

vs.                                       Civ. No. 14-1086 KG/SCY

UNITED STATES ATTORNEY GENERAL OFFICE
ATTORNEY GENERAL:  Mr. ERIC H. HOLDER Jr.,
et al.,

      Defendants.

MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon the following:

1. *pro se* Plaintiff's Motions for Default Judgment (Docs. 31 and 32) against Defendant

Elias Barela (Attorney Barela) and Defendant Law Office of Barela (collectively, Barela), filed

March 13, 2015; Barela's response to the Motions for Default Judgment (Doc. 36), filed March

25, 2015; and Plaintiff's reply (Doc. 38), filed April 8, 2015;

2. Barela's Motion to Strike Plaintiff's Insufficient Service of Process [Doc.'s [sic] 22

and 23] (Motion to Strike), (Doc. 37), filed March 25, 2015; Plaintiff's response (Doc. 38), filed

April 8, 2015; and Barela's reply (Doc. 40), filed April 15, 2015; and

3. Plaintiff's Requests for Entry of Default (Doc. 42 and 43) against Barela, filed June 8,

2015; Plaintiff's memorandum in support of the Requests for Entry of Default (Docs. 44 and 45),

filed June 8, 2015;  Barela's response to the Requests for Entry of Default (Doc. 50), filed June

23, 2015; and Plaintiff's reply (Doc. 54), filed July 6, 2015.

Having considered the Motions for Default Judgment, the Motion to Strike, the Requests for Entry of Default, and the accompanying briefs, the Court grants the Motion to Strike in that service of process on Barela is quashed, and Plaintiff may re-serve Barela by September 4, 2015. The Court further denies (1) the Motions for Default Judgment and the Requests for Entry of Default as moot, (2) Barela's initial request to dismiss Plaintiff's claims as frivolous, (3) Barela's request for an award of attorney's fees and costs, (4) Barela's request for sanctions against Plaintiff, and (5) Plaintiff's request for sanctions against Barela.

*A. Background*

On December 1, 2014, Plaintiff filed his complaint against Barela and other Defendants. (Doc. 1).  Plaintiff unsuccessfully attempted to serve the complaint and summons on Barela. (Docs. 10 and 11).  Then, on December 29, 2014, Plaintiff amended the complaint, as a matter of course, under Fed. R. Civ. P. 15(a)(1).  (Doc. 14).  In January 2015, Plaintiff mailed a copy of the summons and amended complaint to the Law Office of Barela, by certified mail, but the envelope was returned to Plaintiff as "REFUSED UNABLE TO FORWARD."  (Doc. 44) at 4.

On February 11, 2015, Plaintiff's process server served the summons and amended complaint on Camille Lucero at the address where the Law Office of Barela is located.  (Docs. 22 and 23).  Lucero purportedly accepted the service of process on behalf of the Law Office of Barela and the Barela Law Firm.  *Id.*  The parties agree, however, that Lucero does not work for Barela, but works for another attorney who shares the building where the Law Office of Barela is located.  (Doc. 37) at 2; (Doc. 38) at 2 and 4.

Assuming that Barela had been served, Plaintiff filed the Motions for Default Judgment on March 13, 2015, because Barela failed to file either a timely answer or a Fed. R. Civ. P. 12(b) motion.  Attorney Barela states that on March 24, 2015, he became aware of the Motions for

Default Judgment after learning about this lawsuit.  (Doc. 37) at 1-2.  Plaintiff disputes this statement and asserts that Barela received electronic notices of the filings in this lawsuit since he filed this lawsuit.  Plaintiff, therefore, contends that Barela was aware of the amended complaint and the Motions for Default Judgment when Plaintiff filed them.  This contention, however, is erroneous.  Attorney Barela only began to receive electronic notices of the filings in the case upon entering an appearance in this matter, which Attorney Barela did on March 25, 2015, the same date Barela responded to the Motions for Default Judgment and filed the Motion to Strike. Plaintiff subsequently filed the Requests for Entry of Default on June 8, 2015, because Barela failed to respond to the amended complaint.

Barela brings the Motion to Strike under Fed. R. Civ. P. 12(b)(5) for insufficient service of process.  (Doc. 40).  Barela seeks an order striking the summonses and returns filed on February 11, 2015; an order dismissing Plaintiff's claims as frivolous; an award of attorney's fees and costs; and sanctions against Plaintiff.  Plaintiff contends that he properly served Barela and that Barela, nonetheless, had actual notice of the lawsuit.  Hence, Plaintiff seeks entries of default and default judgments against Barela for failing to answer the amended complaint as well as sanctions against Barela.

B.  Discussion

When a defendant challenges the sufficiency of service of process under Rule 12(b)(5), the plaintiff bears the burden of proving that service of process was adequate under the appropriate statutory provisions.  *Warden v. DirecTV, LLC*, 2015 WL 1323331, *2 (D.N.M.). Even if Barela had actual notice of the lawsuit, as Plaintiff asserts, actual notice of a lawsuit "does not cure the failure to provide proper service."  *Myres v. Dep't of the Treasury I.R.S.*, 2015 WL 1322578, *2 (D.N.M.).  Although a court may dismiss a lawsuit because a plaintiff failed to

properly serve a defendant, if the plaintiff can cure the insufficient service of process and the

defendant cannot show that actual prejudice would occur upon re-service of process or that

attempting re-service of process would be futile, the court should generally quash the service of

process and give the plaintiff an opportunity to properly serve the defendant. *Kizzar v.*

*Richardson*, 2009 WL 2951061, *5 (D.N.M.).  In fact, courts should allow a *pro se* plaintiff

"more latitude" to cure insufficient service of process. *Id.* (citation omitted).

Plaintiff contends that service of process was proper under Fed. R. Civ. P. 4(e)(2)(B) and

(h)(1)(B).  (Doc. 38) at 4.  Rule 4(e)(2)(B) allows for service of an individual by "leaving a copy

of [the summons and complaint] at the individual's dwelling or usual place of abode with

someone of suitable age and discretion who resides there…."  Rule 4(h)(1)(B) allows for service

of "a partnership or other unincorporated association… by delivering a copy of the summons and

of the complaint to an officer, a managing or general agent, or any other agent authorized by

appointment or by law to receive process and--if the agent is one authorized by statute and the

statute so requires-- by also mailing a copy of each to the defendant…."

*1. Service on an Individual:  Attorney Barela*

To effect service of process on an individual under Rule 4(e)(2)(B), Plaintiff was required

to leave a copy of the summons and amended complaint at Attorney Barela's "dwelling or usual

place of abode," i.e., his home, not his place of business.  "The federal rules do not permit non-

personal service at an individual's place of business." *Phillip v. City of New York*, 2012 WL

1598082, *2 (E.D.N.Y. 2012).  *See also SunTrust Bank v. Pressman,* 2011 WL 3585985, *1 n. 2

(M.D. Tenn. 2011) (citing 1 *Moore's Federal Practice—Civil* § 4.92[2] (3d ed.2011)).  Hence,

simply leaving a copy of the summons and amended complaint at the building which houses the

4

Law Office of Barela, even when viewed with more latitude, does not constitute proper service of process on Attorney Barela.

Under Rule 4(e)(2)(A) and (C), Plaintiff could have effected service of process by either delivering a copy of the summons and amended complaint to Attorney Barela personally or "to an agent authorized by appointment or by law to receive service of process."  Plaintiff, however, did not personally serve Attorney Barela and has not shown that Lucero, an employee of another attorney, was an authorized agent to accept service on behalf of Attorney Barela.  Consequently, Plaintiff has also not complied with Rule 4(e)(2)(A) or (C).

Even so, Rule 4(e)(1) provides that a plaintiff may also serve process on an individual under the state service of process rule, in this case, NMRA Rule 1-004(F).  Rule 1-004(F)(3) provides that a plaintiff serve process on an individual by delivering "a copy of the process at the actual place of business or employment of the defendant to the person apparently in charge thereof and by mailing a copy of the summons and complaint by first class mail to the defendant at the defendant's last known mailing address and at the defendant's actual place of business or employment."  Plaintiff did not comply with this service of process rule as well.

First, Rule 1-004(F)(3) "may be used only when service of process has been attempted, unsuccessfully, in accordance with Rule 1-004(F)(1) and Rule 1-004(F)(2)."  Rule 1-004, Committee Commentary.  Rule 1-004(F)(1) provides for service of process on an individual by delivering a copy of the summons and complaint on the individual individually or by mailing a copy of the summons and complaint in an envelope addressed to the named defendant which "the defendant or a person authorized by appointment, by law or by this rule to accept service of process upon the defendant signs a receipt for the envelope…."  Rule 1-004(E)(3).  As already indicated, Plaintiff did not personally delivery a copy of the summons and amended complaint to

Attorney Barela.  Moreover, Plaintiff's attempt to mail a copy of the summons and amended complaint to Attorney Barela did not comply with Rule 1-004(E)(3):  Plaintiff addressed the envelope to "Law Office of Barela," not to Attorney Barela, the named Defendant, and no one signed a receipt for the envelope.  Rule-1-004(F)(2) provides for service of process at an individual's "usual place of abode" or home, which Plaintiff also did not do.

Second, even if Plaintiff did not successfully effect service of process under Rule 1-004(1) and (2) and Plaintiff was allowed to proceed under Rule 1-004(3), Plaintiff has not shown, as required under Rule 1-004(3), that Lucero, an employee for another attorney, was "apparently in charge."  In addition, although Plaintiff mailed a copy of the summons and amended complaint to Attorney Barela's actual place of business, Plaintiff has not shown that he mailed a copy of the summons and amended complaint by first class mail to Attorney Barela's "last known mailing address."  Plaintiff has, therefore, not complied with Rule 1-004(F).

In sum, Plaintiff has not carried his burden of showing that the process of service on Attorney Barela was sufficient.  The Court, however, finds that Attorney Barela will not be prejudiced by being re-served nor would it be futile to re-serve Attorney Barela.  Rather than dismissing Plaintiff's claims against Attorney Barela under Rule 12(b)(5) for insufficient service of process, the better course is to quash the service of process on Attorney Barela and to allow Plaintiff to re-serve Attorney Barela with the summons and amended complaint.

### 2. *Service on a Business Entity:  The Law Office of Barela*

To comply with Rule 4(h)(1)(B), service of process on a business entity, Plaintiff must have delivered a copy of the summons and amended complaint to an officer or to an agent of the Law Office of Barela.  Because the Law Office of Barela did not employ Lucero and Plaintiff has not otherwise demonstrated that Lucero was an officer or agent of the Law Office of Barela,

Plaintiff did not comply with Rule 4(h)(1)(B) by leaving a copy of the summons and the amended complaint with Lucero.

Rule 4(h)(1)(A) further allows a plaintiff to serve process on a business entity under a state's rules of service of process. In New Mexico, Rule 1-004(G) provides that service of process may be made on a business entity by (1) an authorized person signing a receipt for a copy of the summons and complaint mailed to the named defendant and, (2) delivering a copy of the summons and complaint to an officer or an appropriate agent of the business, or (3) if an officer or agent refuses to accept service of process, by delivering a copy of the summons and complaint at the "place of business during regular business hours to the person in charge." In this case, no one signed the receipt for the January 2015 envelope mailed to the Law Office of Barela; Plaintiff has not demonstrated that a copy of the summons and complaint was delivered to an officer or agent for the Law Office of Barela; and if an officer or agent of the Law Office of Barela refused to accept service of process, Plaintiff has not demonstrated that the process server left a copy of the summons and complaint with a "person in charge" at the Law Office of Barela. Plaintiff has, therefore, not complied with Rule 1-004(G).

As with Attorney Barela, Plaintiff has not carried his burden of showing that the process of service on the Law Office of Barela was sufficient. Nonetheless, the Law Office of Barela has not indicated that it would suffer actual prejudice by being re-served process or that re-attempting service of process would be futile. Instead of dismissing Plaintiff's claims against the Law Office of Barela under Rule 12(b)(5) for insufficient service of process, the Court will also quash the service of process made on the Law Office of Barela and allow Plaintiff to re-serve the summons and amended complaint on the Law Office of Barela.

### 3. The Motions for Default Judgment and the Requests for Entry of Default

Because the Court will allow Plaintiff an opportunity to re-serve Barela, the Court will deny the Motions for Default Judgment and the Requests for Entry of Default as moot.

### 4. Barela's Request to Dismiss Claims as Frivolous and for an Award of Attorney's Fees and Costs as Well as for Sanctions Against Plaintiff

The Court notes that although Barela requests that the Court dismiss Plaintiff's claims as frivolous, Barela does not actually address the merits of the request. Consequently, the Court will deny, at this time, Barela's request to dismiss the claims as frivolous. Barela, however, is free to argue the merits of its request in a motion filed in compliance with the Local Rules and the Federal Rules of Civil Procedure.

Moreover, the Court acknowledges Plaintiff's good faith effort to comply with the service of process rules. Considering Plaintiff's *pro se* status, the Court will not penalize Plaintiff for his attempt to comply with the rules. Hence, the Court denies Barela's request for an award of attorney's fees and costs, and for sanctions against Plaintiff.

### 5. Plaintiff's Request for Sanctions Against Barela

Having reviewed Barela's actions, the Court does not find them sanctionable. Without more information, it is impossible for the Court to determine why Barela, an officer of the Law Office of Barela, or an agent for Barela did not sign the receipt for the January 2015 envelope containing the copy of the summons and amended complaint. In addition, the Court finds that Barela, upon learning of this lawsuit, responded to the Motions for Default Judgment and the Requests for Entry of Default in a timely manner. Barela also appropriately filed a Rule 12(b)(5) motion. The Court, therefore, denies Plaintiff's request for sanctions against Barela.

IT IS ORDERED that

1.  the Motion to Strike Plaintiff's Insufficient Service of Process [Doc.'s [sic] 22 and 23], (Doc. 37), is granted in that

 a.  service of process on Defendants Elias Barela and the Law Office of Barela is quashed; and

 b.  Plaintiff has until September 4, 2015, to re-serve Defendants Elias Barela and the Law Office of Barela in a manner compliant with Rule 4(e) and (h) of the Federal Rules of Civil Procedure;

2.  Plaintiff's Motion for Default Judgment (Doc. 31) is denied as moot;

3.  Plaintiff's Motion for Default Judgment (Doc. 32) is denied as moot;

4.  Plaintiff's Request for Entry of Default (Doc. 42) is denied as moot;

5.  Plaintiff's Request for Entry of Default (Doc. 43) is denied as moot;

6. Defendants Elias Barela and the Law Office of Barela's request to dismiss Plaintiff's claims as frivolous is denied at this time;

7. Defendants Elias Barela and the Law Office of Barela's request for an award of attorney's fees and costs is denied;

8. Defendants Elias Barela and the Law Office of Barela's request for sanctions against Plaintiff is denied; and

9.  Plaintiff's request for sanctions is denied;

UNITED STATES DISTRICT JUDGE

9