IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CARLOS L. DIAZ, *pro se*, in his personal
capacity and in and for the Estate
of Edmundo B. Diaz as brother and personal
representative of the Estate,

    Plaintiff,

vs.                                                                            Civ. No. 14-1086 KG/SCY

MR. GARY KING, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon (1) *pro se* Plaintiffs' [sic] Motion to Certify Order for Interlocutory Review Pursuant to 28 U.S.C. § 1292(b) (Doc. 60) and supporting memorandum (Doc. 61) (collectively, Motion to Certify Interlocutory Review), both filed on August 10, 2015; (2) Plaintiff's first and second motions for an evidentiary hearing on the Motion to Certify Interlocutory Review (Docs. 73 and 74),[1] both filed on November 9, 2015; and (3) Plaintiffs' [sic] Motion Requests [sic] the Courts [sic] for a Hearing to Certify Order Pursuant to Fed. R. Civ. P. 54(b) [on] Order Issued on July 27, 2015 (Doc. 75) (Motion to Issue a Rule 54(b) Order), filed on November 19, 2015.

The Court notes that Defendants did not respond to the Motion to Certify Interlocutory Review.  Because of the lack of response, Plaintiff moved in two separate motions for an evidentiary hearing on the Motion to Certify Interlocutory Review. (Docs. 73 and 74). Defendants also did not respond to those motions.  Although Local Rule 7.1(b) permits the Court

---

[1] The motions for an evidentiary hearing further seek a hearing on a motion to reconsider.  The Court does not address that aspect of the motions at this time.

to determine that a lack of a response constitutes consent to grant a motion, the Court finds that the interests of justice warrant that the Court decide the motions for an evidentiary hearing and the Motion to Certify Interlocutory Review on their merits. Moreover, the Court finds as an initial matter that an evidentiary hearing is not necessary to decide the Motion to Certify Interlocutory Review.

On November 24, 2015, Defendants the Honorable James Sanchez, the Honorable Allen Smith, and Special District Court Commissioner Charles Sanchez (collectively, the Judiciary Defendants) filed a response to the Motion to Issue a Rule 54(b) Order. (Doc. 76). On December 23, 2015, Plaintiff filed a reply to that response in which he seeks a hearing on the Motion to Issue a Rule 54(b) Order as well. (Doc. 78). The Court, likewise, determines that a hearing is unnecessary to decide the Motion to Issue a Rule 54(b) Order.

Having reviewed the Motion to Certify Interlocutory Review, the Motion Issue a Rule 54(b) Order, and its accompanying briefing, the Court denies those two motions.

A. *Background*[2]

On July 27, 2015, the Court entered an Order of Partial Dismissal which dismissed with prejudice the claims against the Judiciary Defendants on the basis of absolute judicial and quasi-judicial immunity. (Docs. 56 and 57). Other claims against other Defendants, including state judges and an attorney, remain pending in this case. *See* Amended Complaint (Doc. 14). On August 6, 2015, Plaintiff filed a motion to reconsider the Order of Partial Dismissal and a few days later he filed the Motion to Certify Interlocutory Review. (Docs. 59 and 60). Before the Court could rule on those motions, on August 25, 2015, Plaintiff appealed the Order of Partial Dismissal to the Tenth Circuit Court of Appeals. (Doc. 64). On the same day Plaintiff filed his

---

[2] The following Background only discusses motions pertinent to those motions at issue in this Memorandum Opinion and Order.

notice of appeal, he filed a motion for relief from the Order of Partial Dismissal. (Doc. 65). Plaintiff then filed the two motions seeking an evidentiary hearing on the Motion to Certify Interlocutory Review on November 9, 2015. (Docs. 73 and 74).

After filing the appeal, the Tenth Circuit stated in several orders that if Plaintiff does not obtain either a final judgment from the district court or a Rule 54(b) certification from the district court that its Order of Partial Dismissal constitutes a final judgment the Tenth Circuit will dismiss the appeal for lack of jurisdiction. Consequently, Plaintiff filed the Motion to Issue a Rule 54(b) Order on November 19, 2015. (Doc. 75).

B. Discussion

   1. *Plaintiff's Request for a Section 1292(b) Interlocutory Appeal*

Section 1292(b) interlocutory appeals "should be limited to extraordinary cases in which extended and expensive proceedings probably can be avoided by immediate final decision of controlling questions encountered early in the action." *State of Utah v. Kennecott Corp.,* 14 F.3d 1489, 1495 (10th Cir.1994) (quoting *Hearings on H.R. 6238 and H.R. 7260 Before Subcomm. No. 3 of the House Comm. on the Judiciary,* S.Rep. No. 2434, 85th Cong., 2d Sess. 1, at 14 (1958), *reprinted in* 1958 U.S.C.C.A.N. 5255, 5262). The district court serves as the "first line discretion" in determining whether to permit an interlocutory appeal under Section 1292(b). *Swint v. Chambers Cnty. Comm'n,* 514 U.S. 35, 47 (1995); *American Fidelity Assur. Co. v. Bank of N.Y. Mellon,* 2014 WL 8187951, at *3 (W.D. Okla.) (quoting *id.*). Congress empowered the district court to permit such appeals only if it finds: (1) the order is not otherwise appealable; (2) the order involves a controlling question of law; (3) there is substantial ground for difference of opinion as to the question of law at issue; and (4) an immediate appeal will materially advance the termination of the litigation. 28 U.S.C. § 1292(b). A movant seeking an interlocutory appeal

has a heavy burden to show that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 475 (1978).  In this case, the Court finds it necessary to address only the last three requirements for a Section 1292(b) interlocutory appeal.

      *a. Controlling Question of Law*

Whether an interlocutory appeal presents a "controlling question of law" raises two questions—whether the issue is "controlling," and whether the issue is one of law as opposed to one of fact.  A question is "controlling" if interlocutory reversal would terminate the action or at least conserve time for the lower court or conserve time and expense for the parties. *See Cook v. Rockwell Int'l Corp.,* 564 F.Supp.2d 1189, 1215 n. 17 (D. Colo. 2008), *rev'd on other grounds*, 618 F.3d 1127 (10th Cir. 2010) (citing 16 *Fed. Prac. & Proc. Civ.* § 3930 (2d ed.)).  A question of law under Section 1292(b) involves "the meaning of a statutory or constitutional provision, regulation, or common law doctrine." *Ahrenholz v. Board of Trustees,* 219 F.3d 674, 676 (7th Cir. 2000).  Such questions typically involve law that is unsettled.  *See Gillespie v. U.S. Steel Corp.,* 379 U.S. 148, 168 n. 4 (1964) (approving district court's denial of Rule 54(b) certification when United States Supreme Court previously directly addressed law in question). "Consequently, for the purposes of 28 U.S.C. § 1292(b), district courts should certify questions when they are unsure what the law is, not when there is merely a dispute as to how the law applies to the facts of a particular situation." *Certain Underwriters at Lloyd's, London, Subscribing To Policy No. 501/NM03ACMB v. Nance*, 2006 WL 4109675, at *3 (D.N.M.).

Here, even assuming that the question on appeal may be controlling, Plaintiff does not contest the applicable law on absolute judicial and quasi-judicial immunity, which is well-established.  Instead, Plaintiff claims that the Judiciary Defendants "have yet to produce any

evidence that contradicts Plaintiff's allegations" and that there is not sufficient evidence to dismiss his claims against the Judiciary Defendants. (Doc. 61) at 4-5. Plaintiff, therefore, disputes how the law applies to the facts of his case. Such a dispute does not meet the controlling question of law requirement.

      b. *Substantial Ground for Difference of Opinion*

"To determine if a 'substantial ground for difference of opinion' exists under § 1292(b), courts must examine to what extent the controlling law is unclear." *Couch v. Telescope Inc.,* 611 F.3d 629, 633 (9th Cir. 2010). "Courts traditionally will find that a substantial ground for difference of opinion exists where the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point...." *Id.* "[A] party's strong disagreement with the Court's ruling is not sufficient for there to be a substantial ground for difference." *Id.* (internal quotation marks omitted). As noted above, the law on absolute judicial and quasi-judicial immunity is not in dispute. Plaintiff's mere disagreement with the Court's Order of Partial Dismissal does not constitute a substantial ground for difference of opinion. Consequently, Plaintiff has not met this requirement for a Section 1292(b) interlocutory review.

      c. *Resolution of Issue Would Materially Advance the Termination of the Litigation*

An interlocutory appeal is also appropriate where resolution of the issue would materially advance the termination of not only the present case, but also other cases pending before the court. *See Klinghoffer v. S.N.C. Achille Lauro,* 921 F.2d 21, 24 (2d Cir.1990) ("[T]he impact that an appeal will have on other cases is a factor that we may take into account in deciding whether to accept an appeal that has been properly certified by the district court."). This lawsuit, however, would not affect other pending lawsuits. Moreover, the Ninth Circuit has held that a movant can satisfy this last Section 1292(b) requirement if resolution of the legal question "may

appreciably shorten the time, effort, or expense of conducting a lawsuit." *In re Cement Antitrust Litig. (MDL No. 296),* 673 F.2d 1020, 1027 (9th Cir. 1982). Even if Plaintiff could show that he satisfied this last Section 1292(b) requirement as articulated by the Ninth Circuit, "only questions of law are appropriate for interlocutory review." *Certain Underwriters at Lloyd's, London, Subscribing To Policy No. 501/NM03ACMB*, 2006 WL 4109675, at *4. As discussed above, Plaintiff does not contend that a question of law is at issue. Hence, Plaintiff does not meet this last Section 1292(b) requirement.

In sum, Plaintiff has not carried his heavy burden of showing that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." The Court, therefore, denies the Motion to Certify Interlocutory Review.

*2. Plaintiff's Request for a Rule 54(b) Entry of Final Judgment*

Rule 54(b) provides, in pertinent part, that:

> [w]hen an action presents more than one claim for relief ... or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties.

"A Rule 54(b) certification is deemed to provide the proper foundation for an appeal when it contains three key features." *Waltman v. Georgia-Pac., LLC*, 590 Fed. Appx. 799, 809 (10th Cir. 2014). First, the order to be appealed must (1) arise from a lawsuit that involves multiple claims, (2) finally decide at least one of the claims, and (3) contain an "express determination 'that there is no just reason for delay.'" *Id.* (quoting Rule 54(b)). In making the above Rule 54(b) "determinations, the district court should act as a 'dispatcher' weighing Rule 54(b)'s policy of preventing piecemeal appeals against the inequities that could result from delaying an appeal."

*Stockman's Water Co., LLC v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2005).  The Court further keeps in mind that Rule 54(b) "may be invoked only in a relatively select group of cases and applied to an even more limited category of decisions."  *Weinman v. Fid. Capital Appreciation Fund (In re Integra Realty Res., Inc.)*, 262 F.3d 1089, 1107 (10th Cir. 2001) (internal quotation marks omitted).

In deciding whether an order is "final," courts consider the separability of the adjudicated and unadjudicated claims.  *Jordan v. Pugh*, 425 F.3d 820, 826 (10th Cir. 2005).  "To determine whether separate appeals will be redundant, courts consider whether the allegedly separate claims turn on the same factual questions, whether they involve common legal issues, and whether separate recovery is possible."  *Id.* at 827.  In determining whether there is "no just reason for delay" of the appeal, "a district court must take into account judicial administrative interests as well as the equities involved" and the policy against piecemeal appeals.  *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980).  Factors which a district judge can consider in deciding the need for an immediate appeal include "whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals."  *Id.*

In this case, the lawsuit clearly involves multiple claims against multiple defendants.  However, the Court cannot find that the Order of Partial Dismissal "finally" decided separable claims.  First, the actions of two of the remaining Defendants, state district court judges Violet Otero and John Davis, allegedly led to the circumstances wherein Plaintiff bases his claims against the Judicial Defendants.  (Doc. 14) at 21.  Second, the claims against Defendant Elias Barela, an attorney, are factually interrelated with the claims against the Judicial Defendants.

Finally, the claims against Defendants Otero and Davis and the claims against the Judicial Defendants involve a common legal issue, absolute judicial immunity.

The Court also cannot find that there is no just reason for delay of the appeal. To begin with, because of the lack of separability, subsequent appeals would require the Tenth Circuit to decide some of the same issues twice. In addition, Plaintiff has not identified an adequate reason, such as undue hardship or special circumstances, which would justify an immediate appeal. On the other hand, there is a pending motion to reconsider the Order of Partial Dismissal and a pending motion for relief from the Order of Partial Dismissal which the Court should resolve before Plaintiff proceeds with an appeal. *See* 11 *Fed. Prac. & Proc. Civ.* § 2821 (3d ed.) (when court has not resolved motion to reconsider, subsequent filing of appeal is a nullity); *Burgess v. Daniels*, 576 Fed. Appx. 809, 813 (10th Cir. 2014) (when appeal is filed, district court retains jurisdiction to consider motion for relief from an order including denial of the motion). Judicial administrative interests as well as the equities involved in this case, therefore, do not support granting the Rule 54(b) motion. In sum, Plaintiff has not shown that this case presents circumstances sufficient to overcome the policy of avoiding piecemeal appeals. The Court, therefore, denies the Motion to Issue a Rule 54(b) Order.

IT IS ORDERED that

1. Plaintiff's first and second motions for an evidentiary hearing (Docs. 73 and 74) are denied to the extent they seek an evidentiary hearing on Plaintiff's Motion to Certify Order for Interlocutory Review Pursuant to 28 U.S.C. § 1292(b) (Doc. 60);

2. Plaintiffs' [sic] Motion to Certify Order for Interlocutory Review Pursuant to 28 U.S.C. § 1292(b) (Doc. 60) is denied; and

3. Plaintiffs' [sic] Motion Requests [sic] the Courts [sic] for a Hearing to Certify Order Pursuant to Fed. R. Civ. P. 54(b) [on] Order Issued on July 27, 2015 (Doc. 75) is denied.

_____
UNITED STATES DISTRICT JUDGE