IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CARLOS L. DIAZ, *pro se*, in his personal
capacity and in and for the Estate
of Edmundo B. Diaz as brother and personal
representative of the Estate,

    Plaintiff,

vs.　　　　　　　　　　　　　　　　　　　　　　　　Civ. No. 14-1086 KG/SCY

MR. GARY KING, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon (1) Plaintiff's Motion for Reconsideration Pursuant to Federal Rules of Civil Procedures Rule 59(e) (Motion for Reconsideration), filed August 6, 2015;[1] and (2) Plaintiff's two motions requesting an evidentiary hearing on the Motion for Reconsideration, both filed on November 9, 2015.[2] (Docs. 59, 73, and 74). Plaintiff moves the Court to reconsider its July 27, 2015, decision granting the Fed. R. Civ. P. 12(b)(6) motion to dismiss filed by Defendants James Sanchez, Allen Smith, and Charles Sanchez (collectively, Judicial Defendants) and dismissing with prejudice Plaintiff's claims against the Judicial Defendants on the grounds of absolute judicial and quasi-judicial immunity. (Docs. 56 and 57).

---

[1] Although this matter is currently on appeal, the Court, nonetheless, has jurisdiction to rule on a timely filed Rule 59(e) motion such as this one. *See* 11 *Fed. Prac. & Proc. Civ.* § 2821 (3d ed.) ("If a timely motion under Rule 59 has been made and not disposed of, the case lacks finality. For that reason, the subsequent filing of a notice of appeal is a nullity and does not deprive the trial court of power to rule on the motion.").

[2] The Court has already partially denied the two motions seeking an evidentiary hearing on the Motion for Reconsideration. (Doc. 81). This Memorandum Opinion and Order resolves the remaining portions of those motions.

The Judicial Defendants did not respond to the Motion for Reconsideration.  Consequently, Plaintiff filed the two motions requesting an evidentiary hearing on the Motion for Reconsideration, which the Judicial Defendants, likewise, did not respond to.

Although Local Rule 7.1(b) permits the Court to determine that a lack of response constitutes consent to grant a motion, the Court finds that the interests of justice warrant that the Court decide the motions for an evidentiary hearing and the Motion for Reconsideration on their merits.  Moreover, the Court finds that an evidentiary hearing is not necessary to decide the Motion for Reconsideration.  Having considered the motions for an evidentiary hearing and the Motion for Reconsideration, the Court denies those motions.

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration.  *Hatfield v. Bd. of County Comm'rs for Converse County*, 52 F.3d 858, 861 (10th Cir. 1995).  However, under Rule 59(e), a movant can demonstrate that the Court should alter or amend a judgment.  *See, e.g., Winchester v. Wilkinson,* 2015 WL 2412175, at *2 (E.D. Okla.).  Rule 59(e) relief is appropriate if there is new controlling law, new evidence not available previously, or a "need to correct clear error or prevent manifest injustice."  *Ankeney v. Zavaras*, 524 Fed. Appx. 454, 458 (10th Cir. 2013) (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).  Rule 59(e) does not allow a losing party to "revisit issues already addressed or advance argument that could have been raised in prior briefing."  *Servants of the Paraclete*, 204 F.3d at 1012.  The Court has discretion in deciding whether to grant or deny a motion to reconsider.  *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

To begin with, the Court will not consider arguments made by Plaintiff which rehash previous arguments or which Plaintiff could have raised before now.  The Court further notes

that Plaintiff has not provided the Court with either new controlling law or new evidence not available previously.  The question, then, is whether the Court should vacate its decision dismissing the claims against the Judicial Defendants to "correct clear error or prevent manifest injustice."

The Tenth Circuit has defined clear error as "an arbitrary, capricious, whimsical, or manifestly unreasonable judgment."  *Wright ex rel. Trust Co. of Kan. v. Abbott Labs., Inc.*, 259 F.3d 1226, 1236 (10th Cir. 2001).  Here, Plaintiff has not shown that the Court's decision to dismiss the claims against the Judicial Defendants on the basis of absolute judicial and quasi-judiciary immunity was either arbitrary, capricious, whimsical, or manifestly unreasonable.  Hence, Plaintiff has failed to demonstrate that the Court's decision was clearly erroneous.

Although the Tenth Circuit has not specifically defined manifest injustice in the Rule 59(e) context, other courts have defined manifest injustice as "more than just a clear and certain prejudice to the moving party, but also a result that is fundamentally unfair in light of governing law."  *Smith v. Lynch*, 2015 WL 4324167, *3 (D.D.C.).  *See also In re Green Goblin, Inc.,* 2012 WL 1971143, *1 (Bankr. E.D. Pa. May 31, 2012) (quoting *In re Roemmele,* 466 B.R. 706 (Bankr. E.D. Pa. 2012)) ("In order for a court to reconsider a decision due to 'manifest injustice,' the record presented must be so patently unfair and tainted that the error is manifestly clear to all who view it.").  In this case, although Plaintiff complains that the Judicial Defendants have not produced evidence showing that they are entitled to absolute judicial or quasi-judicial immunity, Plaintiff fails to convince the Court that its decision is fundamentally unfair when one considers the law at hand and the fact that the Court was required to only examine the contents of the amended complaint in deciding the Judicial Defendants' motion to dismiss.  *See Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994) (purpose of Rule 12(b)(6) motion to dismiss is to

test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true."). Accordingly, Plaintiff has failed to demonstrate that the Court's decision to dismiss the claims against the Judicial Defendants results in manifest injustice. In sum, the Motion for Reconsider lacks merit and the Court, thus, denies that Motion.

IT IS ORDERED that

1. Plaintiff's two motions requesting an evidentiary hearing on the Motion for Reconsideration (Docs. 73 and 74) are now denied in their entireties; and

2. Plaintiff's Motion for Reconsideration Pursuant to Federal Rules of Civil Procedures Rule 59(e) (Doc. 59) is denied.

_____
UNITED STATES DISTRICT JUDGE