IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CARLOS L. DIAZ, *pro se*, in his personal
capacity and in and for the Estate
of Edmundo B. Diaz as brother and personal
representative of the Estate,

       Plaintiff,

vs.                                      Civ. No. 14-1086 KG/SCY

MR. GARY KING, et al.,

       Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Plaintiffs' [sic] Motion for Relief of Judgment or Order Dated July 27, 2015; Pursuant to Federal Rules of Civil Procedures [sic] 60(b)(1)(2) Plaintiff [sic] Request for a Hearing Pursuant to Fed. R. Civ. P. 59(b) (Rule 60(b) Motion), filed August 25, 2015.  (Doc. 65).  Plaintiff moves the Court for relief from its July 27, 2015, decision granting the Fed. R. Civ. P. 12(b)(6) motion to dismiss filed by Defendants James Sanchez, Allen Smith, and Charles Sanchez (collectively, Judicial Defendants) and dismissing with prejudice Plaintiff's claims against the Judicial Defendants on the grounds of absolute judicial and quasi-judicial immunity.  (Docs. 56 and 57).  Plaintiff also seeks an evidentiary hearing on the Rule 60(b) Motion.

The Court notes that the Judicial Defendants did not respond to the Rule 60(b) Motion. Although Local Rule 7.1(b) permits the Court to determine that a lack of a response constitutes consent to grant a motion, the Court finds that the interests of justice warrant that the Court

decide the Rule 60(b) Motion on the merits. Having considered the Rule 60(b) Motion, the Court denies that Motion.[1]

A. *Discussion*

    1. *The Request for Hearing*

Plaintiff does not specify who he would call as a witness at an evidentiary hearing or what evidence he expects to introduce. Without that specificity, the Court can only conclude that Plaintiff intends to use an evidentiary hearing as a fishing expedition for evidence. Such use of an evidentiary hearing is unacceptable. *See Banks v. Workman*, 692 F.3d 1133, 1144 n.4 (10th Cir. 2012) ("an evidentiary hearing is not a fishing expedition."). Plaintiff's request for an evidentiary hearing is, therefore, denied.

    2. *Rule 60(b)(1)*

Plaintiff moves for relief under both Rule 60(b)(1) and (2). The Court observes that relief under Rule 60(b), generally, is discretionary and is warranted only in exceptional circumstances. *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Rule 60(b)(1) specifically allows for relief from judgment when there has been "mistake, inadvertence, surprise, or excusable neglect." Courts grant relief from an order under Rule 60(b)(1) only when "(1) a party has made an excusable litigation mistake or an attorney in the litigation has acted without authority from a party, or (2) where the judge has made a substantive mistake of law or fact in the final judgment or order." *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir. 1996) (citation omitted). If a movant contends that the court made an error of law, Rule 60(b)(1) "relief is available only for obvious errors of law, apparent on the record." *Van Skiver*, 952 F.2d at 1244.

---

[1] Although this case is on appeal, the Court has jurisdiction to deny a pending Rule 60(b) motion. *See Burgess v. Daniels*, 576 Fed. Appx. 809, 813 (10th Cir. 2014).

Plaintiff argues that the Court made various substantive mistakes of law and that the Judicial Defendants failed to produce evidence that they are entitled to absolute judicial or quasi-judicial immunity.  Having reviewed the July 27, 2015, decision as well as Plaintiff's legal arguments raised in the Rule 60(b) Motion, the Court concludes that it did not make any obvious errors of law based on the facts alleged in the amended complaint.  The Court notes that it was required to only examine the contents of the amended complaint when it decided the Judicial Defendants' motion to dismiss.  *See Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994) (purpose of Rule 12(b)(6) motion to dismiss is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true.").  Thus, the Judicial Defendants were not obliged to produce any evidence to support their motion to dismiss. Plaintiff has failed to demonstrate that exceptional circumstances justify relief under Rule 60(b)(1).

   3. *Rule 60(b)(2)*

Rule 60(b)(2) provides that a court can grant relief from an order if there is "newly discovered evidence that, with reasonable diligence, could not have been discovered" beforehand.  To qualify for relief under Rule 60(b)(2), the moving party must show: (1) the evidence was newly discovered since the entry of the order; (2) the moving party was diligent in discovering the new evidence; (3) the newly discovered evidence is not merely cumulative or impeaching; (4) the newly discovered evidence is material; and (5) reconsideration with the newly discovered evidence would probably produce a different result.  *See Dronsejko v. Thornton,* 632 F.3d 658, 670 (10th Cir. 2011).  In this case, Plaintiff has not provided the court with any newly discovered evidence.  Instead, Plaintiff hopes to obtain evidence at an evidentiary hearing.  Hoping to obtain evidence at a hearing, however, does not constitute an

exceptional circumstance which warrants relief under Rule 60(b)(2). In sum, Plaintiff's Rule 60(b) Motion has no merit and the Court will, therefore, deny that Motion.

IT IS ORDERED that Plaintiffs' [sic] Motion for Relief of Judgment or Order Dated July 27, 2015; Pursuant to Federal Rules of Civil Procedures [sic] 60(b)(1)(2) Plaintiff [sic] Request for a Hearing Pursuant to Fed. R. Civ. P. 59(b) (Doc. 65) is denied.

_____
UNITED STATES DISTRICT JUDGE