IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CARLOS L. DIAZ, *pro se*, in his personal
capacity and in and for the Estate
of Edmundo B. Diaz as brother and personal
representative of the Estate,

       Plaintiff,

vs.                                Civ. No. 14-1086 KG/SCY

MR. GARY KING, et al.,

       Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

This matter comes before the Court upon (1) *pro se* Plaintiffs' [sic] Motion for Relief of

Judgment to [sic] Order Pursuant to Deferal [sic] Rules of Civil Procedures [sic] 60(b)(2)(3)(4)

and a Request for Hearing and Request for Subpeonas on Witnesses (Rule 60(b) Motion), filed

on August 10, 2015; and (2) Plaintiff's Motion in Opposition to Defendant Elias Barela *and*

Barela Law Firm *(Representative)* for Failure to Comply with Fed. R. of Civ. P. and Local Rules

Title III Pleading and Motion Rule 7, *and* 7.4 (Motion to Compel Defendants Elias Barela and

Barela Law Firm to Respond to the Summons and Amended Complaint), filed on September 10,

2015.  (Docs. 62 and 70).  Although none of the Defendants responded to the Rule 60(b) Motion,

on September 24, 2015, Defendant Elias Barela, an attorney, and Defendant Barela Law Firm

(collectively, Barela) responded to the Motion to Compel Defendants Elias Barela and Barela

Law Firm to Respond to the Summons and Amended Complaint.  (Doc. 71).  Plaintiff filed a

reply to that response on October 14, 2015.  (Doc. 72).  Having reviewed the Rule 60(b) Motion

and the Motion to Compel Defendants Elias Barela and Barela Law Firm to Respond to the

Summons and Amended Complaint along with its accompanying briefing, the Court denies both

Motions.  In addition, the Court dismisses without prejudice Plaintiff's claims against Barela for failure to serve process on Barela.

A. *Background*

On August 4, 2015, the Court quashed Plaintiff's insufficient service of process on Barela and provided Plaintiff until September 4, 2015, to re-serve Barela in compliance with Fed. R. Civ. P. 4(e) and (h).  (Doc. 58) at 9.  Instead of re-serving Barela, Plaintiff filed the Rule 60(b) Motion to seek relief from the August 4, 2015, order.  Plaintiff does not explain why he did not re-serve Barela, but he argues that the Court should grant him relief from the August 4, 2015, order because (1) Barela committed fraud on the court; (2) service of process on Barela was sufficient because Camille Lucero, an employee of another attorney whose office is in the same building as Barela's office, had authority to accept service on behalf of Barela; and (3) Barela actually received the summons and amended complaint.[1]

When Barela did not respond to the Rule 60(b) Motion as required by the Local Rules, Plaintiff filed the Motion to Compel Defendants Elias Barela and Barela Law Firm to Respond to the Summons and Amended Complaint.  In the Motion to Compel Defendants Elias Barela and Barela Law Firm to Respond to the Summons and Amended Complaint, Plaintiff continues to maintain that he properly served process on Barela and asks the Court to compel Barela to respond to the summons and amended complaint.  In both the Rule 60(b) Motion and the Motion to Compel Defendants Elias Barela and Barela Law Firm to Respond to the Summons and Amended Complaint, Plaintiff asks that the Court hold an evidentiary hearing so he can produce evidence that Lucero had authority to accept service of process on behalf of Barela.

---

[1] The Court concluded in the August 4, 2015, order that Lucero did not have authority to accept service on behalf of Barela and the Court observed that actual notice of a lawsuit does not cure insufficient service of process.  (Doc. 58) at 3, 5-7.

*B.  Discussion*

    *1.  Barela's Failure to Respond to the Rule 60(b) Motion*

Although Local Rule 7.1(b) permits the Court to determine that a lack of a response constitutes consent to grant a motion, the Court finds that the interests of justice warrant that the Court decide the Rule 60(b) Motion on its merits.

    *2.  Plaintiff's Request for an Evidentiary Hearing*

Plaintiff lists three witnesses he would call at an evidentiary hearing:  Lucero, Lucero's employer, and Defendant Elias Barela.  (Doc. 72) at 3.  Plaintiff claims that he "will produce evidence that Ms. Lucero had the authority to accept Summons, Complaint and any other documents that is delivered and served on and for Defendant Elias Barela."  (Doc. 62) at 4. Plaintiff, however, does not specify exactly what evidence he would produce.  Rather, the Court construes Plaintiff's request for an evidentiary hearing as a fishing expedition for evidence. Such use of an evidentiary hearing is unacceptable.  *See Banks v. Workman*, 692 F.3d 1133, 1144 n.4 (10th Cir. 2012) ("an evidentiary hearing is not a fishing expedition.").  Plaintiff's request for an evidentiary hearing is, therefore, denied.

    *3.  The Rule 60(b)Motion*

The Tenth Circuit has made clear that Rule 60(b) only applies "to final orders and judgments" which adjudicate all the rights and liabilities of all of the parties.  *Raytheon Constructors, Inc. v. ASARCO, Inc.,* 368 F.3d 1214, 1217 (10th Cir. 2003).  Allowing Plaintiff an opportunity to re-serve Barela with a summons and the amended complaint is not a final order or judgment.  Hence, the Court construes Plaintiff's Rule 60(b) Motion as "an interlocutory motion invoking the district court's general discretionary authority to review and revise interlocutory

rulings prior to entry of final judgment." *Wagoner v. Wagoner,* 938 F.2d 1120, 1122 n. 1 (10th

Cir.1991).  In assessing whether to grant relief from Plaintiff's interlocutory motion, the Court

considers "whether new evidence or legal authority has emerged or whether the prior ruling was

clearly in error." *Friedman v. Dollar Thrifty Auto. Grp., Inc.*, 2015 WL 8479746, at *2 (D.

Colo.) (quoting *Spring Creek Exploration & Prod. Co. v. Hess Bakken*, 2015 WL 3542699, at *2

(D. Colo.) and citing *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).  The

Tenth Circuit has defined clear error as "an arbitrary, capricious, whimsical, or manifestly

unreasonable judgment." *Wright ex rel. Trust Co. of Kan. v. Abbott Labs., Inc.*, 259 F.3d 1226,

1236 (10th Cir. 2001).

      Here, Plaintiff has not provided new evidence or new legal authority which would change

the Court's decision.  As discussed above, Plaintiff's request for an evidentiary hearing amounts

to no more than an unacceptable fishing expedition.  Plaintiff also rehashes his previous

arguments.  Furthermore, Plaintiff has not convinced the Court that its August 4, 2015, order is

either arbitrary, capricious, whimsical, or manifestly unreasonable considering the relevant law

cited in the order and the facts before the Court.

      Plaintiff, however, maintains that Barela committed fraud on the court when Barela

sought to quash Plaintiff's service of process.  Plaintiff has the burden of showing by clear and

convincing evidence that there was fraud on the court, and "all doubts must be resolved in favor

of the finality of the" August 4, 2015, order.  *Weese v. Schukman*, 98 F.3d 542, 552 (10th Cir.

1996).  A movant can only establish fraud on the Court by showing that the opposing party acted

with "an intent to deceive or defraud the court" by means of a "deliberate scheme."  *Robinson v.*

*Audi Aktiengesellschaft*, 56 F.3d 1259, 1267 (10th Cir. 1995), *cert. denied*, 516 U.S. 1045

(1996).  "[O]nly the most egregious misconduct, such as bribery of a judge or members of a jury,

or the fabrication of evidence by a party in which an attorney is implicated will constitute a fraud on the court." *Weese*, 98 F.3d at 552-53. "Less egregious misconduct, *such as nondisclosure to the court of facts allegedly pertinent to the matter before it*, will not ordinarily rise to the level of fraud on the court." *Id.* at 553 (emphasis in original text). In this case, Plaintiff merely speculates that Barela committed fraud on the Court. Plaintiff has, therefore, not shown the Court by clear and convincing evidence that Barela intended to deliberately deceive the Court by engaging in egregious misconduct. In sum, the Court finds no good cause to grant Plaintiff's request for relief from the August 4, 2015, order.

### 4. *Dismissal of Plaintiff's Claims Against Barela*

Federal Rule of Civil Procedure 4(m)[2] provides that

> [i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In the situation at hand, the Court granted Barela's motion to quash Plaintiff's insufficient service of process and then the Court provided Plaintiff ample opportunity to properly serve Barelas. It does not appear, however, that Plaintiff made any efforts to effect proper service on Barela nor has Plaintiff articulated any good cause for failing to serve Barela. Consequently, the Court will dismiss Plaintiff's claims against Barela without prejudice. *See id.*

IT IS ORDERED that

1. Plaintiffs' [sic] Motion for Relief of Judgment ot [sic] Order Pursuant to Deferal [sic] Rules of Civil Procedures [sic] 60(b)(2)(3)(4) and a Request for Hearing and Request for Subpeonas on Witnesses (Doc. 62) is denied;

---

[2] The Court cites the relevant Rule in effect prior to the 2015 amendment of Rule 4(m).

2.  Plaintiff's Motion in Opposition to Defendant Elias Barela *and* Barela Law Firm *(Representative)* for Failure to Comply with Fed. R. of Civ. P. and Local Rules Title III Pleading and Motion Rule 7, *and* 7.4 (Doc. 70) is denied; and

3.  the Court will dismiss without prejudice Plaintiff's claims against Barela.

_____
UNITED STATES DISTRICT JUDGE