IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CARLOS L. DIAZ, *pro se*, in his personal
capacity and in and for the Estate
of Edmundo B. Diaz as brother and personal
representative of the Estate,

    Plaintiff,

vs.                                                            Civ. No. 14-1086 KG/SCY

MR. GARY KING, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Plaintiff's Motion for Reconsideration and [to] Reinstate Plaintiff's Complaint and the Recusal of Judge Kenneth Gonzales: Pursuant to Fed. R. Civ. P. 60 Unpon [sic] Newly Discovered Information, a Conflict of Interest Exist [sic] and the Failure to Disclose: All Judges [sic] Issued Orders are Null-and-Void (Motion to Recuse), filed on February 19, 2016. (Doc. 95). On February 27, 2016, Defendants filed a response, and on March 8, 2016, Plaintiff filed a reply. (Docs. 97 and 99). Having reviewed the Motion to Recuse and the accompanying briefing, the Court denies the Motion to Recuse.

Plaintiff moves to recuse me from presiding over this case because of my previous position as United States Attorney and the fact that Plaintiff named the United States Attorney General[1] as a Defendant. Plaintiff relies on 28 U.S.C. § 455(a) to support the Motion to Recuse. Should a recusal be appropriate, Plaintiff moves the Court to reverse its previous orders and to declare them null and void. Defendants oppose the Motion to Recuse.

---

[1] Plaintiff refers to the New Mexico Attorney General, but it is obvious that he means to refer to the United States Attorney General.

Section 455(a) states that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." If a party moves for recusal, the movant has "a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." *Pope v. Fed. Express Corp.,* 974 F.2d 982, 985 (8th Cir.1992) (citation omitted).

Section 455(a) contains an objective standard which requires disqualification "only where the reasonable person, were he to know all the circumstances, would harbor doubts about the judge's impartiality." *In re McCarthey,* 368 F.3d 1266, 1269 (10th Cir. 2004). This means that the judge "must recuse himself when there is the appearance of bias, regardless of whether there is actual bias." *Bryce v. Episcopal Church in the Diocese of Colo.,* 289 F.3d 648, 659 (10th Cir. 2002). However, Section 455(a) does not require recusal "based on unsubstantiated suggestions of personal bias or prejudice." *Id.* Rather, the inquiry is "limited to outward manifestations and reasonable inferences drawn therefrom." *United States v. Cooley,* 1 F.3d 985, 993 (10th Cir. 1993). Thus, "[r]umor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters" are not grounds for disqualification under Section 455(a). *Id.* (citing numerous cases). Consequently, there must be a reasonable factual basis to question the judge's impartiality. *Id.*

Matters which do not provide a basis for recusal include a judge's "prior rulings in the proceeding, or another proceeding, solely because they were adverse" as well as "mere familiarity with the defendant(s)…." *Nichols v. Alley,* 71 F.3d 347, 351 (10th Cir.1995). "Recusal is required, of course, where that level of personal relationship is of an extent that a

reasonable person would question the judge's impartiality." *Bragg v. Chavez*, 2007 WL 5685116, at *3 (D.N.M.).

Section 455(a) also "'must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice.'" *Id.* (quoting *Franks v. Nimmo,* 796 F.2d 1230, 1235 (10th Cir.1986) (further quotation omitted)).  Moreover, "[t]here is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987).

In this case, Plaintiff provides only unsubstantiated speculation of impartiality.  Plaintiff also improperly bases his Motion to Recuse on prior adverse rulings entered by the Court.  Finally, although I was a United States Attorney, the extent of my relationship with the United States Attorney General was not such that a reasonable person knowing all of the circumstances would doubt my impartiality in this case.  Plaintiff has simply not carried his heavy burden of rebutting the presumption of my impartiality to preside over this lawsuit.

IT IS ORDERED that Plaintiff's Motion for Reconsideration and [to] Reinstate Plaintiff's Complaint and the Recusal of Judge Kenneth Gonzales:  Pursuant to Fed. R. Civ. P. 60 Unpon [sic] Newly Discovered Information, a Conflict of Interest Exist [sic] and the Failure to Disclose: All Judges [sic] Issued Orders are Null-and-Void (Doc. 95) is denied.

_____
UNITED STATES DISTRICT JUDGE