IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CARLOS L. DIAZ, *pro se*, in his personal
capacity and in and for the Estate
of Edmundo B. Diaz as brother and personal
representative of the Estate,

    Plaintiff,

vs.                                                   Civ. No. 14-1086 KG/SCY

MR. GARY KING, et al.,

    Defendants.

MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Plaintiff's Objection to Court Order Dismissing Defendants, Judges and Elias Barela and Barela Law Firm Dated on January 21, 2016; and Plaintiff [sic] Demand for a Hearing on the Merits Not on Conjectured Stories by Defendants, and to Set Aside Such Orders (Motion to Reconsider), filed on February 2, 2016.  (Doc. 88). Plaintiff moves the Court to reconsider the January 21, 2016, Memorandum Opinion and Order (Doc. 84) which denied Plaintiff's Fed. R. Civ. P. 60(b) motion for relief from the July 27, 2015, order dismissing with prejudice Plaintiff's claims against Defendants James Sanchez, Allen Smith, and Charles Sanchez (Judicial Defendants) on the grounds of absolute judicial and quasi-judicial immunity.  Plaintiff also moves the Court to reconsider the January 21, 2016, Memorandum Opinion and Order (Doc. 85) which (1) denied Plaintiff's Rule 60(b) motion for relief from the August 4, 2015, order quashing Plaintiff's insufficient service of process on Defendants Elias Barela and Barela Law Firm (collectively, Barela) and allowing Plaintiff to re-serve process on Barela; (2) denied Plaintiff's motion to compel Barela to answer or respond to the amended complaint (Doc. 14); and (3) dismissed without prejudice Plaintiff's claims against

Barela for failure to serve process. The Judicial Defendants responded to the Motion to Reconsider on February 10, 2016. (Doc. 92). Having considered the Motion to Reconsider, the response, and the underlying January 21, 2016, Memorandum Opinions and Orders, the Court denies the Motion to Reconsider.

Plaintiff does not specify under which Federal Rule of Civil Procedure he is bringing this Motion to Reconsider. Because Plaintiff filed the Motion to Reconsider within 28 days of the entry of the Memorandum Opinion and Orders he challenges, the Court assumes that Plaintiff intends to bring this Motion to Reconsider under Fed. R. Civ. P. 59(e).[1]

A Rule 59(e) movant carries the burden of demonstrating that the Court should alter or amend a judgment. *See, e.g., Winchester v. Wilkinson,* 2015 WL 2412175, at *2 (E.D. Okla.). Rule 59(e) relief is appropriate where there is (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Rule 59(e) does not allow a losing party to "revisit issues already addressed or advance argument that could have been raised in prior briefing." *Id.* The Court has discretion in deciding whether to grant or deny a motion to reconsider. *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

To begin with, the Court will not consider Plaintiff's arguments which rehash previous arguments nor will the Court consider arguments which Plaintiff could have raised before now. The Court further notes that Plaintiff has not provided the Court with either new controlling law or new evidence not available previously. The question, then, is whether the Court should vacate

---

[1] Rule 59(e) states: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."

its January 21, 2016, Memorandum Opinions and Orders to "correct clear error or prevent manifest injustice."

The Tenth Circuit has defined clear error as "an arbitrary, capricious, whimsical, or manifestly unreasonable judgment."  *Wright ex rel. Trust Co. of Kan. v. Abbott Labs., Inc.*, 259 F.3d 1226, 1236 (10th Cir. 2001).  In this case, Plaintiff has not convinced the Court that its January 21, 2016, Memorandum Opinions and Orders were either arbitrary, capricious, whimsical, or manifestly unreasonable.  Hence, Plaintiff has failed to demonstrate that the January 21, 2016, Memorandum Opinions and Orders were clearly erroneous.

Although the Tenth Circuit has not specifically defined manifest injustice in the Rule 59(e) context, other courts have defined manifest injustice as "more than just a clear and certain prejudice to the moving party, but also a result that is fundamentally unfair in light of governing law."  *Smith v. Lynch*, 2015 WL 4324167, *3 (D.D.C.).  *See also In re Green Goblin, Inc.,* 2012 WL 1971143, *1 (Bankr. E.D. Pa. May 31, 2012) (quoting *In re Roemmele,* 466 B.R. 706 (Bankr. E.D. Pa. 2012)) ("In order for a court to reconsider a decision due to 'manifest injustice,' the record presented must be so patently unfair and tainted that the error is manifestly clear to all who view it.").  Here, although Plaintiff disagrees with the Court's decisions, Plaintiff fails to demonstrate that the January 21, 2016, Memorandum Opinions and Orders are fundamentally unfair when one considers the law at hand.  *See Buzz Bee Toys, Inc. v. Swimways Corp.*, 20 F. Supp. 3d 483, 516-17 (D.N.J. 2014) ("Raising a mere disagreement with a court's prior decision, is insufficient" basis to grant motion to reconsider).  Plaintiff has, therefore, failed to demonstrate that the January 21, 2016, Memorandum Opinions and Orders resulted in manifest injustice.

In sum, Plaintiff has not carried his burden of showing that a Rule 59(e) motion to reconsider is justified under the circumstances. Hence, the Court denies the Motion to Reconsider.

IT IS ORDERED that Plaintiff's Objection to Court Order Dismissing Defendants, Judges and Elias Barela and Barela Law Firm Dated on January 21, 2016; and Plaintiff [sic] Demand for a Hearing on the Merits Not on Conjectured Stories by Defendants, and to Set Aside Such Orders (Doc. 88) is denied.

_____
UNITED STATES DISTRICT JUDGE