IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CARLOS L. DIAZ, *pro se*, in his personal
capacity and in and for the Estate
of Edmundo B. Diaz as brother and personal
representative of the Estate,

    Plaintiff,

vs.                                                                 Civ. No. 14-1086 KG/SCY

MR. GARY KING, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon a Motion to Dismiss and Memorandum of Law in Support Thereof (Motion to Dismiss) filed by Defendants Gary King, Violet Otero, and William Sanchez (collectively, Defendants) on February 9, 2016. (Doc. 91). Defendants move to dismiss Plaintiff's claims against them under Fed. R. Civ. P. 12(b)(5) for failure to serve process and under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. Plaintiff did not respond to the Motion to Dismiss. Having considered the merits of the Motion to Dismiss, the Court grants the Motion to Dismiss and will dismiss Plaintiff's claims against Defendants without prejudice.

Federal Rule of Civil Procedure 4(m)[1] provides the basis for dismissing claims without prejudice for failure to serve process. Rule 4(m) states, in part,:

> If a defendant is not served within 120 days after the complaint is filed, the court-on motion or on its own after notice to the plaintiff-must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

---

[1] This is the Rule in effect at the time Plaintiff filed his complaint and amended complaint in 2014. (Docs. 1 and 14). Rule 4(m) was recently amended effective December 1, 2015.

>But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

"The preliminary inquiry to be made under Rule 4(m) is whether the plaintiff has shown good cause for the failure to timely effect service." *Espinoza v. United States,* 52 F.3d 838, 841 (10th Cir.1995).  "If good cause is shown, the plaintiff is entitled to a mandatory extension of time.  If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted.  At that point the district court may in its discretion either dismiss the case without prejudice or extend the time for service." *Id.*

The Court acknowledges that "[p]ro se litigants are allowed more latitude than litigants represented by counsel to correct defects in service of process and pleadings." *Moore v. Agency for Int'l Development,* 994 F.2d 874, 876 (D.C.Cir.1993).  "However, this latitude can only go so far." *Lee v. Henderson*, 75 F. Supp. 2d 591, 596 (E.D. Tex. 1999).  As courts have recognized, *pro se* litigants are not excused from following the requirements of Rule 4(m). *DiCesare v. Stuart,* 12 F.3d 973, 980 (10th Cir. 1993).

Here, it is undisputed that Plaintiff has not served process on Defendants as required by the Federal Rules of Civil Procedure.  Moreover, Plaintiff had an opportunity to show good cause for his failure to serve Defendants by responding to the Motion to Dismiss, but he failed to do so.  In fact, Plaintiff has not sought an extension of time to serve Defendants.  Plaintiff has also had ample time to serve Defendants and apparently has not even attempted to serve those Defendants.  Considering Plaintiff's seeming lack of interest in serving process on Defendants, the Court believes it is appropriate under Rules 4(m) and 12(b)(5) to dismiss Plaintiff's claims against those Defendants without prejudice.  Moreover, because Plaintiff never served Defendants, the Court necessarily lacks personal jurisdiction over those Defendants. *See Fawley v. GEO Grp., Inc.*, 543 Fed. Appx. 743, 746 (10th Cir. 2013) ("Because Wiggins was never

served, the court lacked personal jurisdiction over him."). A dismissal of Plaintiff's claims without prejudice under Rule 12(b)(2) is, therefore, appropriate as well.

    IT IS ORDERED that

    1.  the Motion to Dismiss and Memorandum of Law in Support Thereof (Doc. 91) is granted; and

    2.  Plaintiff's claims against Defendants King, Otero, and Sanchez will be dismissed without prejudice.

_____
UNITED STATES DISTRICT JUDGE