IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CARLOS L. DIAZ, *pro se*, in his personal
capacity and in and for the Estate
of Edmundo B. Diaz as brother and personal
representative of the Estate,

    Plaintiff,

vs.                                                Civ. No. 14-1086 KG/SCY

JAMIE BACA, probate judge,

    Defendant.

MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon three matters. First, on April 20, 2016, the Court entered an Order to Show Cause ordering Plaintiff, within 20 days of the entry of the Order to Show Cause, to either (1) perfect service of process on the remaining defendant, Jamie Baca,[1] or (2) show good cause why service has not been perfected on Jamie Baca and why the cause of action against Jamie Baca should not be dismissed without prejudice. (Doc. 107). Plaintiff timely responded to the Order to Show Cause by filing "Plaintiff [sic] Request to Serve an Un-Served Defendant, Jamie Baca, Through Other Channels by Means of Publication;" "Plaintiff [sic] Request for Extension of Time Pending the Outcome of the Notification on Defendant, Jamie Baca;" and "Plaintiff's Response to Judge, [sic] Kenneth Gonzales's Order to Show Cause with Regards to Un-Served Party, Jamie Baca." (Docs. 112, 114, and 115). Counsel for Defendants affiliated with the State of New Mexico (collectively, Defendants)

---

[1] It is unclear from the pleadings whether Baca's first name is "Jaime" or "Jamie." *See* title of Plaintiff's brief (Doc. 118) ("Jaimie Baca").

responded to Plaintiff's various responses on May 4, 2016. (Doc. 117). Plaintiff filed a reply on May 20, 2016. (Doc. 118).

Second, on May 2, 2016, Plaintiff filed "Plaintiff's Motion the Courts to Certify an Order for an Interlocutory Appeal Pursuant to Federal Rules of Civl [sic] Procedures [sic] 54(b)" (Motion to Certify Order for Interlocutory Appeal). (Doc. 116). Defendants responded on May 4, 2016. (Doc. 117). Plaintiff replied on May 20, 2016. (Doc. 118).

And third, on May 3, 2016, Plaintiff filed "Plaintiff Request [sic] an Order to Serve Sebpoena [sic] to Attend a Deposition to Un-Served Witness, Michael Doyle and Camile Lucero Through Means by United States Postal Service" (Request to Serve Subpoenas). (Doc. 113). Defendants, likewise, responded on May 4, 2016, and Plaintiff replied on May 20, 2016. (Docs. 117 and 118).

In responding to the Order to Show Cause, Plaintiff requests an extension of time to serve Jamie Baca by publication in a newspaper. Plaintiff states that his "Process Server made numerous attempts to locate Defendant, Jamie Baca, with no success." (Doc. 112) at 1. Apparently, Plaintiff tried to serve Jamie Baca at his place of employment, the Valencia County Probate Office, but Jamie Baca no longer works there. *Id.*

Federal Rule of Civil Procedure 4(e)(1) allows a person to serve a summons in accordance with state law. In New Mexico, a person can serve by publication if that person files a motion and "show[s] by affidavit that service cannot reasonably be made as provided by [the service] rule…." Rule 1-004(J), NMRA 1998. "A copy of the proposed notice to be published shall be attached to the motion." Rule 1-004(K), NMRA 1998.

In addition to the New Mexico rule on service by publication, due process requires that a person can seek service by publication only if the whereabouts of the defendant "could not with

'due diligence' be ascertained." *Classen v. Classen*, 1995-NMCA-022, ¶ 12, 119 N.M. 582 (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 317 (1950)). Such due diligence includes internet searches; speaking with a defendant's landlord, relatives, neighbors, last known employer, co-workers, and acquaintances; engaging a private investigator; and searching telephone directories, tax rolls, criminal history records, credit records, divorce records, death records, and voter registries. *Camden Nat. Bank v. Reid*, 2014 WL 1320944, at *2 (D. Me.); *Loskot v. Galleria*, 2013 WL 6512757, at *1 (N.D. Cal.); *Duarte v. Freeland*, 2008 WL 683427, at *2 (N.D. Cal.); *Prudential Ins. Co. of Am. v. Holladay*, 2008 WL 1925293, at *3 (D. N.J.). "That a plaintiff has taken one or a few reasonable steps does not necessarily mean that 'all myriad of other avenues' have been properly exhausted to warrant service by publication." *Loskot*, 2013 WL 6512757, at *2 (citation omitted). Moreover, plaintiffs must sufficiently describe in their affidavits the steps they took to determine the defendant's address. *Prudential Ins. Co. of Am.*, 2008 WL 1925293, at *3-4.

    Here, Plaintiff has not submitted an affidavit or a copy of the proposed notice to be published, both requirements under Rule 1-004(J) and (K). Plaintiff has also not described actions to locate Jamie Baca which could in any way amount to due diligence to locate him. For these reasons, the Court denies Plaintiff's request to serve Jamie Baca by publication. Hence, Plaintiff has not shown good cause for his failure to timely serve Jamie Baca. The Court will, therefore, dismiss Plaintiff's cause of action against Jamie Baca without prejudice. Because dismissing the cause of action against Jamie Baca, in effect, terminates this lawsuit, the Court will deny Plaintiff's remaining motions as moot.[2]

---

[2] The Court notes that those remaining motions are also subject to dismissal under D.N.M. LR-Cv 7.1(a), which states that the Court can "summarily" deny a motion if a movant "omits recitation of a good-faith request for concurrence…."

IT IS ORDERED that

1. Plaintiff's request to serve Jamie Baca by publication is denied;

2. Plaintiff's cause of action against Jamie Baca will be dismissed without prejudice for failure to serve him;

3. "Plaintiff's Motion the Courts to Certify an Order for an Interlocutory Appeal Pursuant to Federal Rules of Civl [sic] Procedures [sic] 54(b)" (Doc. 116) is denied as moot; and

4. "Plaintiff Request [sic] an Order to Serve Sebpoena [sic] to Attend a Deposition to Un-Served Witness, Michael Doyle and Camile Lucero Through Means by United States Postal Service" (Doc. 113) is denied as moot.

_____
UNITED STATES DISTRICT JUDGE