IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CARLOS L. DIAZ, *pro se*, in his personal
capacity and in and for the Estate of
Edmundo B. Diaz as brother and personal
representative of the Estate,

    Plaintiff,

vs.                                                Civ. No. 14-1086 KG/SCY

MR. GARY KING, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon "Plaintiff Motion to Vacate Order Issued on January 13, 2016, Pursuant to Federal Rules of Civil Procedures 60(b)(1)(4)(1) in Support Federal Rule of Civil Procedure 8(a)(b)(c)(d)(e)" (Second Motion for Reconsideration), filed September 2, 2016. (Doc. 120). Plaintiff is apparently moving the Court under Rule 60(b)(1) to reconsider the Court's January 13, 2016, Memorandum Opinion and Order (Doc. 82) denying Plaintiff's Motion for Reconsideration Pursuant to Federal Rules of Civil Procedures Rule 59(e) (First Motion for Reconsideration) (Doc. 59). On September 6, 2016, Defendants the Honorable James Sanchez, the Honorable Allen Smith, and Charles Sanchez (collectively, Judicial Defendants) responded to the Second Motion for Reconsideration and moved to impose filing restrictions on Plaintiff. (Doc. 122). Plaintiff did not file a reply. Instead, on September 30, 2016, he filed a notice of appeal.[1] (Doc. 125). Having reviewed the Second Motion for Reconsideration, the response, and Judicial Defendants' request for filing restrictions, the Court

---

[1] The Court dismissed Plaintiff's claims against the last remaining Defendant on September 6, 2016, and entered a Final Order of Dismissal on that date. (Docs. 123 and 124).

denies the Second Motion for Reconsideration, warns Plaintiff against filing future repetitious and frivolous motions to reconsider the Court's dismissal of claims against Defendants in this case, and proposes an order restricting future lawsuit filings by Plaintiff.

A. *The Second Motion for Reconsideration*[2]

In the First Motion for Reconsideration, Plaintiff moved the Court under Fed. R. Civ. P. 59(e) to reconsider its July 27, 2015, decision granting Judicial Defendants' Fed. R. Civ. P. 12(b)(6) motion to dismiss on the grounds of absolute judicial and quasi-judicial immunity. *See* (Docs. 56 and 57). On January 13, 2016, the Court, having fully considered the First Motion for Reconsideration, denied that motion, because Plaintiff did not demonstrate that there was new controlling law, new evidence not previously available, or a "need to correct clear error or prevent manifest injustice." (Doc. 82) (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).

The Court observes that Plaintiff fails to mention in his Second Motion for Reconsideration the January 21, 2016, Memorandum Opinion and Order (Doc. 84) which denied Plaintiff's Fed. R. Civ. P. 60(b) motion for relief from the same July 27, 2015, decision addressed in the January 13, 2016, Memorandum Opinion and Order. Unhappy with only the January 13, 2016, Memorandum Opinion and Order, Plaintiff filed the Second Motion for Reconsideration, pursuant to Rule 60(b)(1), arguing that Judicial Defendants have not produced evidence to support absolute judicial and quasi-judicial immunity, and that they did not properly answer Plaintiff's amended complaint.

The Court notes first that the Federal Rules of Civil Procedure do not authorize successive motions for reconsideration. Even if successive motions for reconsideration are

---

[2] Although this case is on appeal, the Court has jurisdiction to deny a pending Rule 60(b) motion. *See Burgess v. Daniels*, 576 Fed. Appx. 809, 813 (10th Cir. 2014).

allowed, relief under Rule 60(b), generally, is discretionary and is warranted only in exceptional circumstances. *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Rule 60(b)(1) specifically allows for relief from judgment when there has been "mistake, inadvertence, surprise, or excusable neglect." Courts grant relief from an order under Rule 60(b)(1) "where the judge has made a substantive mistake of law or fact in the final judgment or order." *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir. 1996) (citation omitted). If a movant contends that the court made an error of law, Rule 60(b)(1) "relief is available only for obvious errors of law, apparent on the record." *Van Skiver*, 952 F.2d at 1244.

 Having again reviewed the July 27, 2015, decision as well as Plaintiff's legal arguments raised in the Second Motion for Reconsideration, the Court concludes that it did not make any obvious errors of law based on the facts alleged in the amended complaint. The Court notes that it was required only to examine the contents of the amended complaint when it decided Judicial Defendants' motion to dismiss. *See Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994) (purpose of Rule 12(b)(6) motion to dismiss is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true."). Thus, Judicial Defendants were not obliged to produce any evidence to support their motion to dismiss. Moreover, Judicial Defendants properly chose not to answer the amended complaint and, instead, to file a Rule 12(b)(6) motion to dismiss. *See* Rule 12(b) ("A motion asserting [a 12(b)(6) defense] must be made before pleading if a responsive pleading is allowed."). Plaintiff has failed to demonstrate that exceptional circumstances justify relief under Rule 60(b)(1).

B. *Judicial Defendants' Request to Impose Filing Restrictions*[3]

Judicial Defendants assert that the Court should impose filing restrictions to limit Plaintiff's misuse of judicial process. Specifically, Judicial Defendants request "that the Court forbid Plaintiff from filing any additional motions or other pleadings in this action with respect to any of the defendants who already have been dismissed, with only one exception—the filing of a Notice of Appeal <u>after</u> issuance of a final order from this Court." (Doc. 122) at 2. Judicial Defendants also request that the Court enjoin Plaintiff from filing future lawsuits in this Court. *Id.* at 2-3. Judicial Defendants base their requests for filing restrictions on Plaintiff's vexatious behavior in this lawsuit as well as the multiple baseless lawsuits he has filed in this Court. In addition to this lawsuit, Plaintiff has filed at least seven other lawsuits in this Court, some against several of the same Defendants as in this case, which have all been dismissed. *See Diaz v. Lynch, et al.*, Civ. No. 16-484 DLR; *Diaz v. Law Firm of Elias Barela, et al.*, Civ. No. 12-368 LH/RHS; *Diaz v. Barela, et al.*, Civ. No. 12-308 LFG/WDS; *Diaz v. Paul J. Kennedy Law, et al.*, Civ. No. 00-735 PJK/LFG; *Diaz v. Second Judicial District Court, et al.*, Civ. No. 00-700 JEC/RLP; *Diaz v. Second Judicial District Court, et al.*, Civ. No. 00-577 JEC/RLP; and *Diaz v. State of New Mexico, et al.*, Civ. No. 99-1371 BB/DJS.

It is well-established that the "right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir.1989).

---

[3] Although this case is on appeal, the Court "retains jurisdiction to consider collateral matters such as sanctions." *Hutchinson v. Beckworth*, 474 Fed. Appx. 736, 739 (10th Cir. 2012) (citing *Lancaster v. Indep. Sch. Dist. No. 5,* 149 F.3d 1228, 1237 (10th Cir.1998)). This includes imposing filing restrictions. *See Lundahl v. Halabi*, 600 Fed. Appx. 596, 606–9 (10th Cir. 2014), *cert. denied,* (U.S. Oct. 3, 2016).

Federal courts have the authority to protect themselves and litigants from the negative impact of repetitive, unfounded *pro se* litigation. *Werner v. State of Utah*, 32 F.3d 1446 (10th Cir. 1994); *Olson v. Coleman*, 997 F.2d 726 (10th Cir. 1993). Under 28 U.S.C. § 1651(a), federal district courts may enjoin litigants who abuse the court system and harass their opponents. *Tripati*, 878 F.2d at 352. Furthermore, "[t]here is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Id.* (quoting *Cotner v. Hopkins*, 795 F.2d 900, 902-03 (10th Cir. 1986)). Nonetheless, "[l]itigiousness alone will not support an injunction restricting filing activities." *Id.* at 353 (citing *In re Oliver*, 682 F.2d 443, 446 (3d Cir. 1982)). Injunctions are proper where the litigant's abusive and lengthy history is set forth. *Id.* The filing restrictions, "cannot be so burdensome, however, as to deny a litigant meaningful access to the courts." *Id.* (quoting *Cotner*, 795 F.2d at 902-03). *See also Sieverding v. Colo. Bar Assn.*, 469 F.3d 1340, 1345 (10th Cir. 2006) (affirming but modifying district court's order imposing filing restrictions). Even so, the United States Supreme Court recognizes that

> The goal of fairly dispensing justice … is compromised when the Court is forced to devote its limited resources to the processing of repetitious and frivolous requests. *Pro se* petitioners have a greater capacity than most to disrupt the fair allocation of judicial resources because they are not subject to the financial considerations--filing fees and attorney's fees--that deter other litigants from filing frivolous petitions.

*In re Sindram*, 498 U.S. 177, 179 (1991). Finally, before the Court institutes an order restricting a *pro se* plaintiff's ability to file suit, the Court must provide that plaintiff with notice and an opportunity to oppose that order. *Tripati,* 878 F.2d at 354.

      The Court finds Judicial Defendants' request to restrict filing motions or other pleadings against dismissed Defendants in this case to be overly broad and not narrowly tailored as required by caselaw. The Court, however, warns Plaintiff that any further repetitious and

frivolous motions to reconsider the Court's dismissal of claims against Defendants will be denied and could result in restrictions on Plaintiff's ability to file motions in this case.

With respect to Judicial Defendants' request to restrict future filings of lawsuits, the Court finds, as described above, that Plaintiff has filed numerous meritless and vexatious lawsuits which have burdened the already limited resources of this Court.  Considering Plaintiff's propensity to file lawsuits, this abuse of judicial process appears likely to continue without the Court's intervention.  Given Plaintiff's past filing history and his conduct in this litigation, it is appropriate to restrict Plaintiff's future filing activities to curb the flow of meritless claims.  Consequently, the Court proposes an order, described below, to restrict Plaintiff's ability to file future lawsuits.

IT IS ORDERED that

1. "Plaintiff Motion to Vacate Order Issued on January 13, 2016, Pursuant to Federal Rules of Civil Procedures 60(b)(1)(4)(1) in Support Federal Rule of Civil Procedure 8(a)(b)(c)(d)(e)" (Doc. 120) is denied;

2. any further repetitious and frivolous motions to reconsider the Court's dismissal of claims against Defendants will be denied and may result in restrictions on Plaintiff's ability to file motions in this lawsuit;

3. the Court proposes to enjoin Plaintiff from initiating further litigation in this Court as follows:

    a.    the Clerk of the Clerk will be directed to return, without filing, any initial complaint that Plaintiff submits, unless either a licensed attorney who is admitted to practice before this Court signs the complaint or Plaintiff first obtains permission to proceed *pro se*;

b. to obtain permission to proceed *pro se*, the following must occur:

(1) Plaintiff must file a petition with the Clerk of the Court requesting leave to file a *pro se* complaint;

(2) Plaintiff must file, with the petition, a copy of the proposed complaint and a notarized affidavit, in proper legal form, that recites the claims Plaintiff seeks to present, including a short discussion of the legal rights asserted, and the basis of the Court's jurisdiction of the subject matter and parties;

(3) the affidavit must certify, to the best of Plaintiff's knowledge, that his claims are not frivolous or made in bad faith; they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and the new lawsuit is not initiated for any improper purpose such as to delay, harass, or needlessly increase the cost of litigation;

(4) if Plaintiff has previously raised the claims or previously sued the defendants, the affidavit must certify that the proposed new lawsuit does not present the same claims that this or another court has decided and explain why the new lawsuit would not be an abuse of the system;

(5) Plaintiff must submit the petition, proposed complaint and affidavit, with a copy of these filing restrictions, to the Clerk of the Court, who will be directed to forward them to the Chief

>   Magistrate Judge for determination of whether to permit the filing of the *pro se* complaint;
>
> (6) without the Chief Magistrate Judge's approval and the concurrence of a District Judge, the Clerk of the Court will be directed to return the complaint without filing; and
>
> (7) if the Chief Magistrate Judge and a District Judge approve the filing, an order will be entered directing the Clerk of the Court to file the complaint;

4.  Plaintiff has ten days from the date of this Memorandum Opinion and Order to file written objections to the proposed filing restrictions;

5.  if Plaintiff does not file timely objections, the proposed filing restrictions will take effect fifteen days from the date of this Memorandum Opinion and Order; and

6.  if Plaintiff files timely objections, the proposed filing restrictions will not take effect, if at all, until after the Court rules on the objections.

_____
UNITED STATES DISTRICT JUDGE