IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CARLOS L. DIAZ, *pro se*, in his personal
capacity and in and for the Estate of
Edmundo B. Diaz as brother and personal
representative of the Estate,

    Plaintiff,

vs.                                                         Civ. 14-1086 KG/SCY

MR. GARY KING, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon "Plaintiff's Request Permission to the Courts and Presiding Judges to File a Motion Opposing to the Post Order Dated October 17, 2016 Pursuant to Fed. R. Civ. P. 60(b)(1)(C)(1): *(Surprised)* Fed. R. Civ. P. N.M.U.S.D.L.R. 7.1 the Failure to Notify: or in the Alternative Grant Plaintiff an Order for an Appeal" (Motion), filed December 9, 2016. (Doc. 132). Defendants have not responded to the Motion. Although D.N.M. LR-Cv 7.1(b) states that failure "to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion," the Court, in the interest of justice and considering the preference to rule on the merits of motions, will determine the Motion on its merits. Having reviewed the Motion and the relevant documents, the Court denies the Motion.

Plaintiff argues that the Court should give him an opportunity to file a motion opposing the Court's October 17, 2016, Memorandum Opinion and Order which, *inter alia*, proposed certain filing restrictions that became effective on November 1, 2017. In the alternative, Plaintiff seeks an order permitting him to appeal the filing restrictions.

*A. Background*

In responding to "Plaintiff Motion to Vacate Order Issued on January 13, 2016, Pursuant to Federal Rules of Civil Procedures 60(b)(1)(4)(1) in Support Federal Rule of Civil Procedure 8(a)(b)(c)(d)(e)" (Doc. 120), filed September 2, 2016, Defendants the Honorable James Sanchez, the Honorable Allen Smith, and Charles Sanchez (collectively, Judicial Defendants) moved to impose filing restrictions on Plaintiff. (Doc. 122). Judicial Defendants included in their response a Certificate of Service indicating that they mailed the response to the address Plaintiff provided in his amended complaint. *Id.* at 4. Plaintiff did not file a reply to that response, but, instead, filed a notice of appeal on September 30, 2016.[1] (Doc. 125).

On October 17, 2016, the Court granted, in part, Judicial Defendants' request to impose filing restrictions on Plaintiff and entered a proposed order setting forth the restrictions. (Doc. 130). In doing so, the Court ordered:

> 4. Plaintiff has ten days from the date of this Memorandum Opinion and Order to file written objections to the proposed filing restrictions;
> 5. if Plaintiff does not file timely objections, the proposed filing restrictions will take effect fifteen days from the date of this Memorandum Opinion and Order; and
> 6. if Plaintiff files timely objections, the proposed filing restrictions will not take effect, if at all, until after the Court rules on the objections.

*Id.* at 8. The Court also mailed the Memorandum Opinion and Order to the address Plaintiff provided in the amended complaint. Plaintiff did not file written objections within ten days of the October 17, 2016, Memorandum Opinion and Order, so the filing restrictions went into effect on November 1, 2016. More than a month after the filing restrictions went into effect, Plaintiff filed the Motion now before the Court.

---

[1] The Court dismissed Plaintiff's claims against the last remaining Defendant on September 6, 2016, and entered a Final Order of Dismissal on that date. (Docs. 123 and 124).

*B. Discussion*

Plaintiff argues first that he did not respond to Judicial Defendants' request to impose filing restrictions, because Judicial Defendants did not serve him with that request. Plaintiff contends that Judicial Defendants' attorney should have telephoned or emailed him to notify him of the request to impose filing restrictions. Plaintiff cites D.N.M. LR-Cv 7.1 for, presumably, the requirement that a motion or response "must include a certificate of service on each party."[2] Judicial Defendants, in fact, included a Certificate of Service in their response and request to impose filing restrictions. In addition, when Judicial Defendants mailed their response and request to impose filing restrictions to the address Plaintiff provided in his amended complaint, they completed service of that response and request. *See* Fed. R. Civ. P. 5(b)(2)(C) (mailing paper "to person's last known address" completes service). Judicial Defendants, therefore, properly served the response and request to impose filing restrictions on Plaintiff.

Plaintiff further argues that he was "surprised" by the October 17, 2016, Memorandum Opinion and Order's filing restrictions and should, therefore, be given an opportunity to oppose those filing restrictions. Plaintiff cites Fed. R. Civ. P. 60(b)(1) which states that a court, on just terms, may relieve a party "from a final judgment, order, or proceeding" when there has been "surprise." Plaintiff's "surprise" argument fails, however, for several reasons. First, Plaintiff does not explain how he was surprised. Like Judicial Defendants, the Court properly served the October 17, 2016, Memorandum Opinion and Order on Plaintiff by mailing it to his last known address. Second, the Court provided Plaintiff an opportunity to object to the proposed filing restrictions and notified Plaintiff that a failure to timely object would lead to the filing

---

[2] Plaintiff does not argue that Judicial Defendants failed, in good faith, to obtain a concurrence from him on the proposed filing restrictions, as required under Local Rule 7.1(a). Nonetheless, it is clear that Plaintiff would not have concurred with the proposed filing restrictions.

restrictions becoming effective 15 days from the October 17, 2016, Memorandum Opinion and Order.  Finally, Rule 60(b) does not apply to the Memorandum Opinion and Order imposing filing restrictions.  *See Raytheon Constructors, Inc. v. ASARCO, Inc.,* 368 F.3d 1214, 1217 (10th Cir. 2003) (holding that Rule 60(b) only applies "to final orders or judgments" which adjudicate all rights and liabilities of all of parties).  For the foregoing reasons, the Court denies Plaintiff's request to now object to the filing restrictions.

   Plaintiff seeks, in the alternative, an order which would allow him to appeal the October 17, 2016, Memorandum Opinion and Order imposing filing restrictions.  Because the Memorandum Opinion and Order constitutes a postjudgment order fully disposing of Judicial Defendants' request to impose filing restrictions, the Memorandum Opinion and Order is a final appealable decision under 28 U.S.C. § 1291.  *Roose v. Patrick*, 98 F. App'x 719, 723 (10th Cir. 2004) (finding postjudgment order disposing of all issues raised in motion for leave to file second amended complaint "was an appealable final decision under § 1291.").  Hence, Plaintiff is free to appeal the Court's Memorandum Opinion and Order imposing filing restrictions without any further order from this Court.  The Court, therefore, finds it unnecessary to grant Plaintiff's request for an order allowing him to appeal the filing restrictions.

   IT IS ORDERED that "Plaintiff's Request Permission to the Courts and Presiding Judges to File a Motion Opposing to the Post Order Dated October 17, 2016 Pursuant to Fed. R. Civ. P. 60(b)(1)(C)(1): *(Surprised)* Fed. R. Civ. P. N.M.U.S.D.L.R. 7.1 the Failure to Notify: or in the Alternative Grant Plaintiff an Order for an Appeal" (Doc. 132) is denied.

_____
UNITED STATES DISTRICT JUDGE

4